# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11cv38
# (CRIMINAL CASE NO. 1:09cr13-10)

| | |
|---|---|
| CHRISTOPHER HARRIS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>)<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [Doc. 1]. For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed.

## I.  PROCEDURAL HISTORY

On February 17, 2009, Petitioner was charged in a two-count Bill of Indictment with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 and 841(a)(1) (Count One), and with the use of a communication facility in committing the acts

alleged in Count One, in violation of 21 U.S.C. §843(b) (Count Two). [Criminal Case No. 1:09cr13, Doc. 12]. On March 31, 2009, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner that it intended to rely on two of Petitioner's prior felony drug offenses for purposes of seeking an enhanced sentence. [Id., Doc. 161]. The Government filed an Amended Information pursuant to 21 U.S.C. § 851 notifying Petitioner that it intended to rely on only one of his prior felony drug offenses for purposes of seeking an enhanced sentence. [Id., Doc. 392].

On June 15, 2009, a Plea Agreement was filed with the Court in which Petitioner agreed to plead guilty to Count One of the Bill of Indictment. [Id., Doc. 245]. On June 29, 2009, the Petitioner appeared before Magistrate Judge Howell and pled guilty to Count One of the Bill of Indictment. Judge Howell engaged Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions.[1] [Id.,Doc. 260]. During the plea colloquy, Petitioner affirmed under oath that he understood the elements of the offense to which he was pleading guilty and the maximum penalties he faced and that he was, in fact, guilty of the charged

---

[1] Although there is no official transcript of the Plea and Rule 11 hearing in the record because Petitioner did not file a direct appeal, the Court has listened to the audio recording of the Plea and Rule 11 hearing. Further, the Rule 11 Inquiry and Order of Acceptance of Plea form, which is prepared by the Magistrate Judge during the Plea and Rule 11 hearing, accurately reflects the substance of the Plea and Rule 11 hearing. [Criminal Case No. 1:09cr13, Doc. 260].

drug conspiracy. Petitioner also affirmed that he understood how the Sentencing Guidelines might apply to his case; that he might receive a sentence that was either higher or lower than that called for by the Guidelines; and that even if his sentence was more severe than expected, he would nevertheless be bound by his plea and have no right to withdraw it. Petitioner also affirmed that he was waiving his right to a jury trial and to confront the witnesses against him, that he was waiving his right to challenge either his conviction or sentence in a post-conviction proceeding, except for claims of ineffective assistance of counsel and prosecutorial misconduct, and that he knowingly and willingly accepted this limitation. Petitioner affirmed that no one forced him to plead guilty and that he was satisfied with the services of his attorney. The Court accepted Petitioner's plea finding that the plea was knowingly and voluntarily made and that Petitioner understood the charges, potential penalties and consequences of the plea.

Prior to Petitioner's sentencing hearing, the Probation Office submitted a Presentence Report ["PSR"]. The Probation Officer calculated a base offense level of 30, based on his determination, consistent with the parties' stipulation in the Plea Agreement, that Petitioner was responsible for at least 50 grams but less than 150 grams of cocaine base. [PSR, Doc. 401 at ¶22]. The Probation Officer included a two-level adjustment for minor role, [id. at

¶25], and a three-level reduction for Petitioner's acceptance of responsibility. [Id. at ¶29]. Based on a total offense level of 25 and a criminal history category of II, the Probation Officer noted an applicable Guidelines range of imprisonment of between 63 and 78 months' imprisonment. [Id. at ¶78]. With respect to the statutory range of imprisonment, the Probation Officer found that because of the Government's § 851 Notice, the statutory range was twenty years to life. [Id. at ¶77].

Petitioner's counsel filed objections to the PSR, but all but one objection was withdrawn prior to sentencing. In his sole objection, counsel challenged the accuracy of paragraph 58 of the PSR, which states that the Petitioner is known to be a gang member. The Court overruled counsel's objection, accepting the PSR as written. The Court further found that the PSR included a correct and appropriate offense level of 25 and the correct and appropriate criminal history category of II.[2] The Court noted that an offense level of 25 and a criminal history category of II would yield a guidelines range of 63 to 78 months' imprisonment, but that due to the filing of the § 851 Notice the statutory minimum sentence of 240 months' imprisonment became the Guideline Range pursuant to U.S.S.G. §5G1.1. The Court granted the

---

[2] Petitioner, through counsel, stipulated that the offense level and criminal history category were correct.

Government's motion for a downward departure pursuant to U.S.S.G. 5K1.1 and 18 U.S.C. § 3553(e) and sentenced Petitioner to 168 months' imprisonment. [Criminal Case No. 1:09cr13, Doc. 511].

Petitioner did not appeal his conviction and sentence to the Fourth Circuit Court of Appeals. On February 18, 2011, Petitioner filed the instant Motion, arguing that this Court wrongfully applied the 21 U.S.C. § 851 enhancement to him.

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Id. Following such review, it plainly appears to the Court that the Petitioner is not entitled to any relief on his claims.

As his sole claim for relief, Petitioner argues that the Court wrongfully applied the § 851 enhancement. First, pursuant to his Plea Agreement, Petitioner waived his right to challenge his sentence or conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct.

[Criminal Case No. 1:09cr13, Doc. 245 at ¶20]. At his Rule 11 hearing, Petitioner swore under oath that he understood these waivers. [Id., Doc. 260 at ¶34]. The Magistrate Judge and this Court found Petitioner's plea to be knowing and voluntary. The Fourth Circuit has upheld knowing and voluntary waivers of the right to contest convictions or sentences in § 2255 motions. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Petitioner's claim that this Court wrongfully applied the § 851 enhancement to him does not fall within the scope of the exceptions to the post-conviction waiver provision, and he has not alleged any defect in his waiver. Consequently, the Court finds that the plea agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to Petitioner's attempts to challenge his sentence on the basis alleged.

To the extent Petitioner's claim was not waived pursuant to his plea agreement, his claim is barred because he did not raise the claim on direct appeal. Generally, claims that could have been but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousely v. United States, 523 U.S. 614, 621, 118 S. Ct 1604, 140 L.Ed.2d 828 (1998) (citation and internal quotation marks omitted). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to

errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[3] See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

The term "cause" refers to some kind of impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 20010). Thus, the existence of cause from a procedural default must turn on some external factor that impedes defense counsel's efforts to comply with a procedural rule. Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct 2639, 91 L.Ed.2d 397 (1986). In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S.Ct 1584, 71 L.Ed.2d 816 (1982). In this case, the Petitioner provides no explanation regarding cause for his failure to raise this claim on direct review, therefore, he has not met his burden, and his claim is procedurally barred.

---

[3] Petitioner makes no claim of actual innocence.

7

The Court notes that Petitioner's argument is based entirely upon the contention that the §851 Notice was improper and that Petitioner objected to this before his sentencing. He asserts that his prior controlled substances conviction was only for simple possession, and thus does not come within §851. The record clearly shows, however, that Petitioner's contentions are factually erroneous. Petitioner's prior conviction was based on his plea of guilty to Felony Possession with Intent to Manufacture or Deliver Schedule II Controlled Substance, Cocaine. [1:09cr13, Doc. 401 ¶37]. Further, Petitioner raise no issue about this below. [See, id., Doc. 510].

### III. CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on his claim.

### IV. ORDER

**IT IS, THEREFORE ORDERED** that:

1. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED and DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: February 28, 2011

Martin Reidinger
United States District Judge