# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr13-10

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHRISTOPHER ALLEN HARRIS | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Motion by Nonparty (the North Carolina State Bar) for Access to Documents under Seal. [Doc. 607].

No response has been received in opposition to the motion. Having reviewed the same, the Court finds that there is good cause for the North Carolina State Bar to have access to these documents.

**IT IS, THEREFORE, ORDERED** that the Motion by Nonparty (The North Carolina State Bar) for Access to Documents under Seal [Doc. 607] is hereby **GRANTED** as follows:

1. The Clerk of Court shall provide the North Carolina State Bar with copies of the following documents filed under seal in this matter: Doc. 196; Doc. 198; Doc. 203; Doc. 204; Doc. 211; and Doc. 217.

1

2. The North Carolina State Bar is authorized to use these documents in the course of fulfilling its statutory obligations to regulate North Carolina licensed attorneys pursuant to its Discipline and Disability Rules and shall adhere to the following restrictions on their use:

   a. The documents shall be disclosed to, accessed by and/or used by the following only:

      i. The Grievance Committee of the North Carolina State Bar, the Disciplinary Hearing Commission and/or any Hearing Panel thereof;

      ii. The North Carolina State Bar and any respondent or defendant in the grievance or disciplinary matters and attorneys of record for these parties and/or any employee of the attorneys of record for the parties who, in turn, agree to be bound by the terms of an order restricting use of the documents;

      iii. Consultants and technical experts involved in the preparation of the grievance or disciplinary matters;

      iv. Court reporters, their transcribers, assistants and employees as required in the disciplinary matters; and

  v. Any potential or actual deposition or trial witness to the extent that it is necessary to tender any such document to such witness as an exhibit to elicit testimony relevant to the matters at issue in the disciplinary matter.

b. Any document obtained pursuant to this Order and filed in any public disciplinary proceedings and any brief referring to such document shall be kept under seal and shall be made available only to the parties or persons authorized by the terms of this Order.

Signed: January 12, 2012

Martin Reidinger
United States District Judge